UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY ROYAL,                    :    CIVIL NO. **1:06-CV-00251**
                                  :
          Plaintiff               :    (Judge Caldwell)
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
DR. ANDERSON,                     :
ONE UNKNOWN NURSE AT LYCOMING     :
COUNTY JAIL, and                  :
CHRIS EBNER,                      :
                                  :
          Defendants              :

### REPORT AND RECOMMENDATION

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on February 2, 2006.  On March 16, 2006, the plaintiff filed an amended complaint.  The plaintiff's claims concern events that happened while he was confined in the Lycoming County Jail (LCJ) in Williamsport, Pennsylvania.

The amended complaint names as defendants: 1) one unknown doctor at the LCJ; 2) one unknown nurse at the LCJ; and

3) Chris Ebner.  The plaintiff subsequently identified the one

unknown doctor as defendant Anderson.  *See* Doc. 20.[1]


     The plaintiff alleges that while he was incarcerated in

the LCJ he was seen by a doctor for a skin rash and that the

doctor informed him that he was suffering from arthritis in his

leg.  He alleges that the doctor then administered a steroid

shot to the plaintiff.[2]  The plaintiff alleges that the doctor,

later identified as defendant Anderson, refused to inform him

why he required the injection.  He alleges that several days

after receiving the injection, the area where the shot was

administered turned a blackish color.  He alleges that he had

serious pain due to an infection eating his flesh.  The

plaintiff alleges that at times the infection caused him to be

unable to walk or sleep.  He alleges that the condition of his

leg continued to worsen, and due to this, he was seen by a

---

[1] By an Order dated October 18, 2006 (doc. 23), we directed
that the case caption be amended to substitute Dr. Anderson for
defendant one unknown doctor.

[2] In the plaintiff's Brief in Opposition (doc. 34) to
defendant Anderson's motion to dismiss filed on March 7, 2007,
he identified the physician who administered the injection as
defendant Anderson.

different physician at the LCJ.  The plaintiff alleges that the second physician acted with deliberate indifference in failing to diagnose his injury and withholding treatment.  The plaintiff also appears to allege that the physician who administered the injection, defendant Anderson, acted negligently in providing treatment and also violated his Eighth Amendment rights.

As relief, the plaintiff seeks compensatory and punitive damages.

On December 18, 2006, defendant Anderson filed a motion (doc. 31) to dismiss the amended complaint, and on December 21, 2006, she filed a brief (doc. 32) in support of that motion. The plaintiff filed a brief (doc. 34) in opposition to the motion to dismiss on March 7, 2007, and defendant Anderson filed a reply brief (doc. 35) on March 21, 2007.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint;

3

the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

4

Defendant Anderson argues that the plaintiff has failed to state either an Eighth Amendment claim or a medical malpractice claim against her upon which relief may be granted.

The plaintiff contends that defendant Anderson was deliberately indifferent to his medical need in violation of his Eighth Amendment rights.

Deliberate indifference to a prisoner's serious medical need is a violation of the prisoner's Eighth Amendment rights, and can give rise to a cause of action under Section 1983. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).  Deliberate indifference has been defined as acting with a reckless disregard of a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 836 (1994).

In order to be deemed a "serious medical need," the injury or illness must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017,

1023 (3d Cir. 1991).  Also, the injury or illness must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990).  "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  The Third Circuit

6

has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as

7

to the proper medical treatment support a claim of an eighth
amendment violation.")

     In the instant case, the plaintiff alleges that
defendant Anderson administered an injection into his leg to
treat his arthritis when he visited the LCJ medical ward to be
treated for a rash.  Although the plaintiff disagrees with the
treatment he received, mere disagreement as to the proper
treatment does not support his Eighth Amendment claim. *Monmouth
County, supra,* 834 F.2d at 346.  Defendant Anderson did not
refuse to provide treatment, delay treating the plaintiff, or
prevent him from receiving treatment; rather, she provided
treatment with which the plaintiff disagrees.  We cannot say
that defendant Anderson failed to exercise professional
judgment in determining the proper treatment for the plaintiff,
and we do not now attempt to second-guess the propriety or
adequacy of this course of treatment.  Although the plaintiff
appears to imply that defendant Anderson acted negligently in
mis-diagnosing his condition and administering the injection,
defendant Anderson's actions do not rise to the level of

deliberate indifference; thus, the plaintiff fails to state an

Eighth Amendment claim against defendant Anderson upon which

relief can be granted.  Accordingly, it will be recommended

that defendant Anderson's motion to dismiss this claim be

granted.

     Next, we address the plaintiff's contention that

defendant Anderson was negligent in her care and treatment of

him.  We note that the plaintiff does not specifically allege

that defendant Anderson acted negligently; however, given the

liberal construction the courts afford to *pro se* complaints, we

construe the amended complaint as containing a negligence claim

against defendant Anderson.

     Defendant Anderson contends that the plaintiff's

negligence claim should be dismissed because the plaintiff

failed to file a certificate of merit in support of his

negligence claim as required by Pennsylvania law.

Pennsylvania Rule of Civil Procedure 1042.3(a)

provides:

> (a) In any action based upon an allegation that
> a licensed professional deviated from an
> acceptable professional standard, the attorney
> for the plaintiff, or the plaintiff if not
> represented, shall file with the complaint or
> within sixty days after the filing of the
> complaint, a certificate of merit signed by the
> attorney or party that either
> (1) an appropriate licensed professional has
> supplied a written statement that there exists
> a reasonable probability that the care, skill
> or knowledge exercised or exhibited in the
> treatment, practice or work that is the subject
> of the complaint, fell outside acceptable
> professional standards and that such conduct
> was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from
> an acceptable professional standard is based
> solely on allegations that other licensed
> professionals for whom this defendant is
> responsible deviated from an acceptable
> professional standard, or
> (3) expert testimony of an appropriate licensed
> professional is unnecessary for prosecution of
> the claim.

Rule 1042.3 applies to civil actions "in which a professional

liability claim is asserted against a licensed professional."

Pa.R.Civ.P. 1042.1(a).  Pursuant to Pa.R.Civ.P. 1042.6, if a

certificate of merit is not filed as required by Pa.R.Civ.P.

1042.3 the prothonotary, on praecipe of the defendant, shall

10

enter a judgment of non pros again the plaintiff.  Rule 1042.3 was adopted by the Pennsylvania Supreme Court on January 27, 2003.

The certificate of merit requirement of Pa.R.Civ.P. 1042.3 applies in a case pleading a claim for medical malpractice, whether the case is filed in state or federal court. *See generally Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (holding that New Jersey's affidavit of merit statute [which is similar to Pennsylvania's Rule 1042.3] is a substantive state law that must be applied by federal courts sitting in diversity).

The plaintiff has not filed a certificate of merit. Therefore, it will be recommended that the plaintiff's negligence claim be dismissed.

We have not granted the plaintiff leave to amend his complaint a second time.  It does not appear that he will be able to amend his complaint to state a claim upon which relief

may be granted.  Thus, amendment would be futile in the instant case.

Based on the foregoing, it is recommended that the motion (doc. 31) to dismiss plaintiff's amended complaint filed by defendant Anderson be **GRANTED**.  It is further recommended that the case be remanded to the undersigned for further proceedings.

                                        _**/s/ J. Andrew Smyser**_
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  April 5, 2007.