UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY ROYAL,                       :     CIVIL NO. **1:06-CV-00251**
                                     :
            Plaintiff                :     (Judge Caldwell)
                                     :
      v.                             :     (Magistrate Judge Smyser)
                                     :
ONE UNKNOWN NURSE AT LYCOMING        :
COUNTY JAIL and                      :
CHRIS EBNER,                         :
                                     :
            Defendants               :

## REPORT AND RECOMMENDATION

      The plaintiff, a prisoner proceeding *pro se,* commenced
this 42 U.S.C. § 1983 action by filing a complaint on February
2, 2006.  On March 16, 2006, the plaintiff filed an amended
complaint.

      On July 9, 2007, the remaining defendants filed a
motion for summary judgment, a statement of undisputed facts
and a brief in support of their motion for summary judgment.
On July 10, 2007, the defendants filed documents in support of
their motion for summary judgment.  The plaintiff did not file

a brief in opposition to the motion for summary judgment as
required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated August 8, 2007, the plaintiff was
ordered to file a brief in opposition to the defendants' motion
for summary judgment, a response to the defendants' statement
of material facts and any summary judgment evidence in
opposition to the motion on or before August 27, 2007.  The
Order of August 8th warned the plaintiff that if he failed to
file a brief in opposition, we would consider recommending that
this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by
application of the factors in *Poulis v. State Farm Fire &
Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to
the defendants' motion for summary judgment as ordered.

Federal Rule of Civil Procedure 41(b) allows for the
dismissal of an action where the plaintiff fails to prosecute
or fails to comply with rules or orders of the court.  The

2

plaintiff has failed to prosecute this action and has failed to obey the court's Order of August 8, 2007, and Local Rule 7.6, which requires the filing of an opposition brief.  The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion for summary

3

judgment.  The plaintiff did not obey either the rule or the

Order.


    The Third Circuit has applied the same general

analysis, using some or all of the six part test enunciated in

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d

Cir. 1984), in reviewing all orders which deprive a party of

the right to proceed with or defend a claim.  *Comdyne I, Inc.*

*v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).  The *Poulis*

factors the court should consider are:

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3)
> a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness
> of sanctions other than dismissal, which
> entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or
> defense.

*Id.*


    The plaintiff's dilatoriness outweighs any of the other

considerations set forth in *Poulis*.  The plaintiff's failure to

4

comply with the Order of August 8th indicates that the plaintiff
has abandoned this lawsuit.


        Based on the foregoing, it is recommended that the
action be dismissed pursuant to Fed.R.Civ.P.41(b), for the
plaintiff's failure to obey Local Rule 7.6 and the Order of
August 8, 2007.



                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:   September 13, 2007.